**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES WILLIAM DUKES,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **NO. 3:14-CV-173-BF** | |
| § | | |
| **CAROLYN W. COLVIN,** § | | |
| **Commissioner of Social Security,** § | | |
| § | | |
| **Defendant.** § | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles William Dukes brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is REVERSED.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments, including chronic pain, diabetes, and depression. After his applications for DIB and SSI were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Two hearings were held in this case. The first hearing was held on February 26, 2010 and resulted in a decision denying benefits. Following a successful appeal filed in federal district court, the Appeals Council remanded the case for further development of the record. A second hearing before the same ALJ was held on October 17, 2012. At the time of the second hearing, Plaintiff was 56 years old.

He has at least a high school education and past work experience as a heavy truck driver. Plaintiff has not engaged in substantial gainful activity since September 10, 2007.

The ALJ found that Plaintiff was not disabled, and therefore not entitled to DIB or SSI, prior to September 1, 2010. Although the medical evidence established that Plaintiff suffered from cervical/lumbar disc disease, right shoulder pathology, left ankle traumatic arthritis, diabetes, hypertension, obesity, post traumatic stress disorder, depression, and poly-substance abuse in remission, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range light work, but could not return to his past relevant employment. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of working as a marker, an electric assembler, and a nut-and-bolt assembler -- jobs that exist in significant numbers in the national economy. The ALJ found that beginning on September 1, 2010, Plaintiff became disabled due to his advanced age and combination of impairments pursuant to Medical Vocational Rule 202.06. Plaintiff appealed the decision that he was not disabled prior to September 1, 2010 to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

**Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can

2

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

    (1)    an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

    (2)    an individual who does not have a "severe impairment" will not be found to be disabled;

    (3)    an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

    (4)    if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

    (5)    if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are

3

available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

Plaintiff's appeal raises a single ground for relief that compels remand: the ALJ relied on faulty VE testimony in determining that Plaintiff had the RFC to perform other work in the national economy between September 10, 2007 and September 1, 2010.

At the second administrative hearing, the ALJ asked a VE whether a hypothetical person of Plaintiff's age, education, work experience, and functional limitations could perform any jobs that exist in significant numbers in the national economy. *See* Tr. at 869. Among the restrictions specifically included in the ALJ's hypothetical was one to "limit overhead reaching with the dominant right hand to occasional." *Id.* The VE testified that such a person could work as a marker II, DOT code 920.687-126; an electrical assembler, DOT code 729.687-010; and a nut-and-

4

bolt assembler, DOT code 929.587-010. *Id.* at 870. According to Plaintiff, those jobs, as described in the DOT, require abilities beyond his residual functional capacity. See Plf. Br. at 4-5.

The DOT was promulgated by the Department of Labor to provide "standardized occupational information to support job placement activities." *See Dep't of Labor*, D.O.T. at xv (4th ed.1991). The DOT, along with a companion volume -- The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), contains descriptions of the requirements for thousands of jobs in the national economy and classifies those jobs based on various factors. According to the DOT, the marker II job requires "constant" reaching, which is defined as "exist[ing] 2/3 or more of the time." *See Dep't of Labor*, D.O.T. § 920.687-126, 1991 WL 687992 (G.P.O. 1991). Both the electrical assembler and the nut-and-bolt assembler jobs require "frequent" reaching, which the DOT defines as "exist[ing] from 1/3 - 2/3 of the time." *See id.*, 729.687-010, 1991 WL 679733 & 929.587-010, 1991 WL 688159. The social security regulations define "occasional" as "occurring from very little up to one-third of the time." *See* SSR 96-9p, 1996 WL 374185 at *3 (SSA Jul. 2, 1996). Because the ALJ found that Plaintiff could only reach with his right arm "occasionally," *see* Tr. at 823, there is a conflict between the VE's testimony and the applicable DOT job descriptions.

There is a split of circuit authority as to whether vocational expert testimony can provide substantial evidence to support the Commissioner's decision when it conflicts with the DOT provisions. Some courts permit the ALJ to rely on such testimony even if it conflicts with the DOT. *See Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir.1999); *Conn v. Sec'y of Health &Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995); *Sawyer v. Apfel*, No. 98-1520, 1998 WL 830653 at *1 (4th Cir. Dec. 2, 1998). By contrast, the Eighth Circuit has held that the DOT job descriptions are

generally more reliable than the conflicting testimony of a vocational expert. *Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995). Still other courts, including the Fifth Circuit, have adopted a "middle ground" approach which allows the ALJ to rely on vocational expert testimony if the record reflects an adequate basis or a reasonable explanation for deviating from the DOT. *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000); *Haddock v. Apfel*, 196 F.3d 1084, 1091-92 (10th Cir. 1999); *Johnson v. Shalala*, 60 F.3d 1428, 1434-35 (9th Cir. 1995); *Tom v. Heckler*, 779 F.2d 1250, 1255-56 (7th Cir. 1985); *Mimms v. Heckler*, 750 F.2d 180, 186 (2d Cir. 1984). In *Carey*, the Fifth Circuit held that:

> To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT . . ., we agree with the majority of the circuits that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so . . . . Adopting a middle ground approach, in which neither the DOT nor the vocational expert testimony is per se controlling, permits a more straightforward approach to the pertinent issue, which is whether there is substantial evidence supporting the Commissioner's determination that this particular person can do this particular job or group of jobs.

*Carey*, 230 F.3d at 146-47. Although *Carey* did not involve "the type of direct and obvious conflict . . . when the vocational expert's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for that job in the DOT," *id.* at 145-46, lower courts that have considered such direct conflicts have also adopted this "middle ground" approach. *See, e.g. Johnson v. Barnhart*, 285 F.Supp.2d 899, 913-14 (S.D. Tex. 2003); *Augustine v. Barnhart*, No. 1-00-CV-749, 2002 WL 31098512 at *9-10 (E.D. Tex. Aug. 27, 2002); *Hollan v. Apfel*, No. 3-00-CV-0002-H, 2001 WL 180151 at *6 (N.D. Tex. Feb. 20, 2001). Thus, at

least in this circuit, vocational expert testimony may be accepted over a conflicting DOT provision if "the record reflects an adequate basis for doing so." *Carey*, 230 F.3d at 146.

Here, there is a conflict between the VE's testimony that Plaintiff can work as a marker, an electric assembler, and a nut-and-bolt assembler, despite the limitations on his ability to reach on more than an occasional basis, and the DOT, which classifies those job as requiring reaching on a constant or, at least, a frequent basis. *See, e.g., Dunn v. Colvin*, No. 4:12-CV-496-Y, 2013 WL 4756377, *4 (N.D. Tex. Sept. 4, 2013) (observing that direct and obvious difference exists between performing some activity "frequently" and performing that activity "constantly"). The court rejects the Commissioner's conclusory assertion that no conflict exists because the ALJ's omission of the word "overhead" from Plaintiff's RFC was merely an inadvertent scrivener's error. *See* Def. Br. at 5. In the context of social security cases, errors in ALJ decisions have been excused as mere scrivener's errors when the ALJ's intent was apparent. *See, e.g. Douglas v. Astrue*, C/A No. 1:09-1349-CMC-SVH, 2010 WL 3522298, at *3-5 (D. S.C. Sept. 3, 2010) (citing and discussing cases). On the basis of the entire record, it is not at all apparent that the ALJ intended to find Plaintiff was limited only with respect to his overhead reaching. The Commissioner fails to identify any evidence in the record that would demonstrate such intent. Indeed, there appears to be only one mention of "overhead" reaching in the transcript. Further, the DOT does not distinguish among directions in reaching, and the social security regulations define "reaching" as "extending the hands and arms in *any* direction." SSR 85-15, 1985 WL 56857, at *7 (SSA 1985) (emphasis added). Thus, it is just as likely that the ALJ inadvertently included the overhead limitation in his hypothetical as omitted it from Plaintiff's RFC.

Although the ALJ found that the VE's testimony was consistent with the DOT, *see* Tr. at 826, nothing in the record explains how these jobs can be performed by someone who is limited to only occasional reaching. Nor is there anything to suggest that either the VE or the ALJ was actually aware of the conflict with the DOT requirements. "When vocational evidence provided by [an expert] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the [ ] evidence to support a determination or decision that the individual is or is not disabled." SSR 00-4p, 2000 WL 1898704 at * 4 (SSA Dec. 4, 2000); *see also Long v. Barnhart*, No. 03-2570-JWL, 2004 WL 1960104, at * 12 (D. Kan. Sept. 3, 2004). If the conflict is resolved in favor of the VE, the ALJ must articulate a "plausible reason" for accepting testimony that conflicts with the DOT so that the hearing decision is susceptible to meaningful judicial review. *Augustine*, 2002 WL 31098512, at *10; *see also* SSR 00-4p (providing examples of reasonable explanations for disregarding DOT). In this case, the ALJ failed to articulate any reason for disregarding the DOT's reaching requirements for the jobs of marker, electric assembler, and nut-and-bolt assembler. As a result, the hearing decision is not supported by substantial evidence and must be reversed. *Farr v. Astrue*, No. Civ. A. G-10-205, 2012 WL 6020061, at *13 (S.D. Tex. Nov. 30, 2012) (remand required where ALJ failed to reconcile conflict between VE testimony and DOT with regard to fingering requirements); *Conaway v. Astrue*, No. 3:07-CV-0906-BD, 2008 WL 4865549, at * (N.D. Tex. Nov. 10, 2008) (same result where ALJ failed to reconcile conflict between VE testimony and DOT with regard to reaching requirements).

## CONCLUSION

The final decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.

SO ORDERED, March 31, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9